UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BRENNAN MARINE, INC., FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | Case No. 13-CV-2743 (PJS/SER)<br><br>ORDER |

Neal W. Settergren and Robert Nienhuis, GOLDSTEIN AND PRICE, L.C.; Richard J. Thomas, BURKE & THOMAS, PLLP, for plaintiff.

Gregory J. Egan, O'FLAHERTY HEIM EGAN & BIRNBAUM LTD., for Danielle Trussoni and the Estate of Tyler Trussoni.

This matter is before the Court on the objection of Danielle Trussoni and the Estate of Tyler Trussoni (collectively "Trussoni") to the November 6, 2013 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau. Judge Rau recommends granting the motion of plaintiff Brennan Marine, Inc. ("Brennan") for an order pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims approving Brennan's ad interim stipulation, directing issuance of notice, and restraining suits. For the reasons stated below, the Court overrules the objection and grants the motion.

Brennan is the owner and operator of the M/V MEGAN McB, a river tugboat. On July 3, 2013, the M/V MEGAN McB capsized and sank in the Mississippi River. Tyler Trussoni, a deckhand on the tugboat, drowned as a result of the accident, and Lock and Dam 7 may have been damaged. Brennan filed this action under 46 U.S.C. §§ 30501 et seq. ("the Limitation Act"), which provides that the "owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under" Chapter 305 of Title 46 of the United States Code. 46 U.S.C. § 30511. Shortly thereafter, Brennan filed a motion pursuant to Rule F, seeking an order that (1) approves Brennan's ad interim stipulation of the value of its interest in

the M/V MEGAN McB and the value of the vessel's pending freight; (2) restrains all other suits or proceedings related to the accident; and (3) directs that a notice be issued to all persons claiming any loss as a result of the accident.

Rule F of the Supplemental Rules for Admiralty or Maritime Claims ("Supp. Adm. R.") provides that, after filing an action for a limitation of liability, a vessel owner must deposit with the court a sum (or approved security) equal to the value of the vessel and pending freight. Supp. Adm. R. F(1). After the owner complies with the security and other provisions of Rule F(1), the court must, at the owner's request, enjoin any other action or proceeding against the owner or the owner's property with respect to any claim subject to the limitation in the action and must also issue notice to all persons asserting such claims. Supp. Adm. R. F(3), (4).

In her objection, Trussoni argues that there is no evidentiary basis for the value of the vessel and freight stated in the ad interim stipulation; that Brennan is not entitled to exoneration or limitation of liability because the accident was caused by the unseaworthiness of the vessel and crew and by Brennan's negligence; and that the Limitation Act does not apply because there is only one claimant. As Brennan correctly argues, however, Trussoni's arguments are premature. Indeed, because Trussoni has not yet filed a claim in this action, she lacks statutory standing to object. *See In re Am. River Transp. Co.*, 728 F.3d 839, 842-44 (8th Cir. 2013) (to have statutory standing to appear in a limitation proceeding and contest the limitation complaint, a party must comply with the claim and answer provisions of Supp. Adm. R. F, even when it contends that its claim is not subject to the Limitation Act).

Even if Trussoni had standing, her objections would lack merit. By granting Brennan's motion and directing the issuance of notice, the Court is not making a final determination as to

the value of the vessel and freight, nor is it deciding whether Brennan is entitled to exoneration or limitation of liability.  To the contrary, the order that Brennan seeks is merely a preliminary step designed to bring all interested parties before the Court so that the merits may be decided.  *See id.* at 842.

Because Brennan has offered the required security, Rule F(3) and (4) entitle Brennan to the order it is seeking.  If Trussoni chooses to file and serve a claim and answer, she will be able to contest the amount of the security under Rule F(7).  Finally, even if Trussoni were correct that the Limitation Act does not apply where there is only a single claimant, such an exception would not apply in this case:  The Department of the Army submitted a claim to Brennan for damage to Lock and Dam 7.  *See* Plf.'s Ex. B [ECF No. 16-2].  Trussoni's objection is therefore overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Trussoni's objection [ECF No. 15] and ADOPTS the November 6, 2013 R&R [ECF No. 14].  IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion pursuant to Supp. Adm. R. F [ECF No. 8] is GRANTED.

2. The ad interim stipulation for security [ECF No. 7] is APPROVED.

3. The stipulation is without prejudice to the due appraisal of plaintiff's interest.  On the filing of a verified appraisal of plaintiff's interest, any party may apply to have the amount of the stipulation increased or decreased as the Court may direct.

4. The Clerk of Court is directed to sign and issue the attached Notice of Complaint for Exoneration from, or Limitation of, Liability.

5. All persons having claims with respect to the incident on July 3, 2013 at Lock and Dam 7, on the Upper Mississippi River, near Dresbach, Minnesota, as a result of which the M/V MEGAN McB capsized and sank, Tyler Trussoni died by drowning, and Lock and Dam 7 may have been damaged shall have until January 31, 2014 to file a claim with the Clerk of Court and serve a copy on plaintiff.

6. Plaintiff shall cause the attached Notice of Complaint for Exoneration from, or Limitation of, Liability to be published in the La Crosse Tribune once per week for four consecutive weeks before January 31, 2014.  No later than the date of the second publication, plaintiff must (1) mail a copy of the notice to every person known to have made any claim against plaintiff or the M/V MEGAN McB arising out of the July 3, 2013 incident and (2) mail a copy of the notice to Tyler Trussoni at his last known address.

7. With the exception of this proceeding, the institution or prosecution of any suits, actions, or legal proceedings of any nature or description whatsoever in any court whatsoever against plaintiff or the M/V MEGAN McB involving any claim arising out of or connected to the incident on July 3, 2013 at Lock and Dam 7 on the Upper Mississippi River, near Dresbach, Minnesota, as a result of which the M/V MEGAN McB capsized and sank, Tyler Trussoni died by drowning, and Lock and Dam 7 may have been damaged, is hereby STAYED and RESTRAINED until further order of this Court.

8. Plaintiff must serve a copy of this order on the persons to be restrained or their respective attorneys or representatives.

Dated: December 16, 2013                    s/Patrick J. Schiltz
                                                               Patrick J. Schiltz
                                                               United States District Judge